IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-10833
Summary Calendar

KELVIN BAKER

Plaintiff - Appellee

v.

JIM BOWLES

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
3:05-CV-1118-L

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Kelvin Baker, a prisoner in the Dallas County, Texas, jail, brought suit under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment right to be free from deliberate indifference to his serious medical needs. One of the defendants, Dallas County Sheriff Jim Bowles, after being denied summary judgment on the issue of his qualified immunity from these claims, filed an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

interlocutory appeal.   We affirm.

Inmate Baker alleged that a nine-hour delay occurred between his fall in the jail, resulting in a blackout and loss of vision, and his initial medical examination. He further stated that he was denied prescription medications and access to any medical care upon returning to jail after his first surgery.  Baker also alleged that he was prevented from appearing for a second surgery to reconnect his retina to restore vision in his left eye.

Sheriff Bowles raised the affirmative defense of qualified immunity in his answer.  The magistrate judge ordered Baker to reply with sufficient detail, and ordered Sheriff Bowles to file a dispositive motion with supporting evidence on the issue of qualified immunity.  See Schultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995).  Baker's discovery requests to Sheriff Bowles in his individual capacity were stayed.  Sheriff Bowles moved for summary judgment not only on the issue of qualified immunity but on the merits of all claims.  The magistrate judge entered detailed findings and conclusions, recommending that the Sheriff be denied summary judgment as to qualified immunity in his individual capacity.  The district court adopted this recommendation.

In a detailed written analysis, the magistrate judge and district court concluded that Sheriff Bowles was not entitled to summary judgment on the basis of qualified immunity in his individual capacity because he did not contest Baker's attested statements.  Deposition testimony, an affidavit, and medical records provided evidentiary support to the claim that Baker's constitutional rights were violated and that he sent several grievances personally addressed to Sheriff Bowles regarding Baker's serious need for medical care.  Sheriff Bowles failed to provide any evidence, not even an affidavit, to contradict Baker's allegations of the Sheriff's deliberate indifference to Baker's serious medical needs.

Whether Sheriff Bowles actually had the requisite knowledge of Baker's alleged deprivation of a constitutional right is a question we lack jurisdiction to hear on interlocutory appeal. Smith v. Brenoettsy, 158 F.3d 908, 912-13 (5th Cir. 1998). We review only whether the actions of Sheriff Bowles are objectively reasonable as a matter of law, entitling him to be free from the present suit. Kinney v. Weaver, 367 F.3d 337, 347 (5th Cir. 2004) (en banc).

Baker has alleged and provided some evidence that he was denied needed medical care for nine hours after his injury, denied access to the prescription drugs to treat his injury, denied the opportunity to appear for his follow up surgery to restore vision to his left eye, that he personally sent notice to Sheriff Bowles regarding this lack of medical care, and that Sheriff Bowles took no action. Taking these allegations as true, such inaction on the part of the Sheriff is objectively unreasonable. The denial of summary judgment is AFFIRMED.